## FINNELL v. FINNELL.

No. 15214—Opinion Filed Nov. 25, 1924.

(Syllabus.)

### Divorce—Time for Appeal—"Judgment" and "Decree" as Referring to Order Overruling Necessary Motion for New Trial.

Where a party desiring to appeal from a judgment granting a divorce prosecutes said appeal by case-made and upon errors such as require the evidence to be brought before this court, it is necessary that such party appealing file a motion for new trial, and his appeal is thereupon based upon the error of the court in overruling such motion. When such is the procedure followed, the "judgment" within ten days of the rendition of which notice of appeal must be given under section 510, C. O. S. 1921, and the "decree" within four months from the date of which such appeal must be perfected, each refers to the order and judgment of the court overruling the party's motion for new trial.

Appeal from District Court, Oklahoma County; T. G. Chambers, Judge.

Proceedings between Charles S. Finnell and Alice E. Finnell. From an order overruling motion for new trial, the former appeals. Order dismissing appeal vacated, and case reinstated for determination on merits. See, also, 113 Okla. 164, 240 Pac. 62.

Chastain & Harris, for plaintiff in error.

Everest, Vaught & Brewer, for defendant in error.

PER CURIAM. By the terms of section 510, C. O. S. 1921, an appeal may be taken from a decree of divorce "at any time within four months from the date of the decree appealed from and not thereafter." The appeal in this case was taken by case-made and presents alleged errors based upon the evidence. It was necessary for the party appealing to file his motion for new trial in the lower court and such appeal could be taken only upon the overruling of this motion by the court. The terms "judgment" and "decree" are usually used in our statutes as synonymous, without distinction between their application to actions at law and

suits in equity. The appeal in this case is taken from the "decree" of the court overruling the motion for new trial, as that is the final order which determined the rights of the parties in that court. It is such final order as is contemplated by the statute in the provision that the appeal may be taken "within four months from the date of the decree appealed from." The appeal in this case was perfected in that time. In the case of Linkugel v. Linkugel, 74 Okla. 298, 183 Pac. 55, the question was not before the court as to whether the decree referred to in the statute was the order of the court granting the divorce or the one by which a motion for new trial was overruled. The time for appeal had expired in that case under either theory, and it was not necessary for this court in that case to make a distinction on this point. The same is true in the case of Vogt v. Vogt, 91 Okla. 272, 217 Pac. 192, and in the case of Milam v. Milam, 76 Okla. 62, 184 Pac. 442.

In the case of Reynolds v. Reynolds, 94 Okla. 114, 221 Pac. 109, the question now before us was not considered. It is true that the language is broad enough to cover the matter which we are considering, but the rule there announced was intended to refer to a very different question. The court there held that where, in a divorce case, the court at the conclusion of the trial announced its judgment and made its findings, and the same were not reduced to the form for a journal entry and signed and filed until a later date, the date of the judgment was the date on which it was announced and the findings made, and not the date when it was reduced to writing. The court had no occasion there to pass upon the question of whether the four months' period for appeal began to run when the judgment was announced or whether the statute was not set into operation until the motion for new trial was overruled. Language which might be otherwise interpreted is dicta in that case.

Another question there considered by this court was when the ten-day period for giving notice of appeal should expire. The language of section 510, supra, is that the notice of appeal must be given "within ten days after such judgment is rendered," while the language of the statute relative to the time in which appeal shall be had provides that the same shall be made "within four months from the date of the decree appealed from." The lawmakers evidently intended than the word "judgment" in the first part of the section should refer to the same order of the court as is contemplated by the word "decree" in the latter part of the section.

In Reynolds v. Reynolds this court said that—

"The order overruling the motion for a new trial from which the ten days for giving notice of appeal must be calculated was September 20, 1921."

We think this is a correct statement of the law. There could be no possible reason for saying that notice of appeal need not be given until ten days from the date when the motion for new trial is overruled, but that the appeal itself must be perfected within four months from the date when the decree of divorce was rendered. There might easily be a case where the court, by the adjournment of a term or otherwise, would fail to pass upon the motion for new trial within the four months' period, and in that event, if we held the law otherwise than announced here, the losing party would be deprived of his right to appeal, because he could not appeal until the motion for a new trial was overruled.

We are therefore of the opinion, and so hold, that under section 510, supra, the ten days within which to give notice of appeal and the four months within which an appeal may be perfected, run from the date when the motion for new trial is overruled.

The order of the court dismissing this appeal is vacated, and the case is reinstated for determination upon its merits.