ADAMSON, Adm'x, v. BRADY et al.

No. 32498. July 1, 1947.

*182 P. 2d 748.*

A. E. White, of Poteau, for plaintiff in error.

Sam S. Canterbury and Hudson & Hudson, all of Tulsa, for defendants in error.

RILEY, J. This is an appeal by Lucile Adamson, administratrix of the estate of Henry Adamson, deceased, from a judgment rendered in an action commenced by defendants in error to establish a claim against the estate of said Henry Adamson, deceased.

From the record, it appears that in 1941 defendants in error obtained a judgment in the district court of Tulsa county against Henry Adamson Coal & Mining Company, a mining copartnership composed of Henry Adamson and Bessie Adamson. Execution was issued August 1, 1942, and returned "no property found".

It further appears that Henry Adamson died intestate on or about April 21, 1942, and that Lucile Adamson was appointed administratrix of his estate. Suggestion of the death of Henry Adamson and motion to revive the judgment were filed and, upon notice, an order was entered November 12, 1942, reviving the judgment as against Lucile Adamson, administratrix of the estate of Henry Adamson, deceased.

Creditor's claim, with copy of the judgment and copy of the execution issued August 1, 1942, with sheriff's return attached, was presented to and disallowed by Lucile Adamson as such administratrix, on August 25, 1942. This action to establish the claim against the estate of Henry Adamson was commenced in the district court of Le Flore county November 14, 1942.

The petition alleged the rendition of the judgment in the district court of Tulsa county on or about February 17, 1941, against Henry Adamson Coal & Mining Company, a partnership, in an action then pending in said court, entitled Henry T. Brady et al. v. Henry Adamson Coal & Mining Co., a pretended express trust, and Henry Adamson and Bessie Adamson, copartners doing business under the style and firm name of Henry Adamson Coal & Mining Company; that said Henry Adamson Coal & Mining Company was and is a mining copartnership composed of Henry Adamson and Bessie Adamson, the said Henry Adamson being the defendant's decedent herein. The peti-

tion then alleged the death of Henry Adamson as of April 21, 1942, and the appointment of administratrix, etc.

Answer was by general denial, admitting, however, the residence of the parties as alleged in the petition and that Henry Adamson is now deceased and that defendant is the duly appointed, qualified, and acting administratrix of his estate.

Issues were tried to the court, resulting in judgment for plaintiff as prayed for and directing defendant, as administratrix, to pay the judgment in due course of administration; and defendant appeals.

There are four assignments of error, but the principal contention is that in the original action judgment was not rendered against Henry Adamson Coal & Mining Company, a copartnership, until July 30, 1942, the date the journal entry was signed by the trial judge, and that Henry Adamson, one of the copartners, had died on Auril 21, 1942, and the cause of action had not then been revived as to him.

The records shows that the cause was tried to a jury and a verdict was returned on February 17, 1941, finding the issues for plaintiffs and fixing the amount of their recovery at $17,802 as against the Henry Adamson Coal & Mining Company, a copartnership. The verdict did not find who composed the partnership.

The record further shows that on February 20, 1941, there was filed in said action a motion or application for judgment for defendants, notwithstanding the verdict, and a motion for new trial; that on January 31, 1942, both motions were overruled, defendants saved their exceptions and gave notice in open court of intention to appeal, and that an extension of time to prepare and serve case-made was granted; that the appeal was never perfected. All this occurred before April 21, 1942, the date of the death of Henry Adamson. The journal entry recites that verdict was returned February 17, 1941, "whereupon the court entered judgment thereon". Defendant asserts that the journal of the court showed no entry or order for entry of judgment on that date, or any subsequent date prior to July 30, 1942, when the journal entry of judgment was signed by the judge and filed.

It was stipulated in this action that the journal entry of judgment in the original action was filed on July 30, 1942. It was also stipulated that through inadvertence and oversight, the court clerk did not enter the judgment until July 30, 1942, and for that reason an application was made to correct the record to show it was entered as of February 17, 1941, and that by virtue of a nunc pro tunc order, the clerk entered the judgment as of February 17, 1941.

Taliaferro v. Batis, 123 Okla. 59, 252 P. 845, holds that a judgment is rendered, within the meaning of the law, at the time it is pronounced by the court. The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law on the facts in controversy as ascertained by the pleadings and verdict or findings, as distinguished from the entry of the judgment which is a ministerial act of spreading it at large upon the record. On its rendition, and without entry, a judgment is final, valid, and enforceable as between the parties, in the absence of any statute to the contrary, although for certain purposes, entry of the judgment is essential. 49 C.J.S. pp. 222-223. People's Electric Co-op. v. Broughton, 191 Okla. 229, 127 P. 2d 850; Taliaferro v. Batis, supra.

From the record it clearly appears that judgment was rendered in the original action February 17, 1941, more than a year before the death of Henry Adamson. The contention of defendant that there was no judgment entered in the cause before the death of Henry Adamson cannot be sustained.

By the journal entry of judgment in the original action, it appears that the

trial court specifically found and held that Henry Adamson Coal & Mining Company was a mining partnership composed of Henry Adamson and Bessie Adamson, and that although Bessie Adamson, one of the parties in said partnership, died on or about February 24, 1937, said mining partnership was not dissolved by her death and that the cause of action was duly and regularly revived as against Henry Adamson, executor of the estate of Bessie Adamson.

Ferguson v. Nagle, 159 Okla. 219, 15 P. 2d 1, holds:

"A mining partnership is not dissolved by the death of one of the parties."

In Kennedy v. Beets Oil Co., 105 Okla. 1, 231 P. 508, it is said that one of the most important results of the distinction between a mining partnership and an ordinary partnership is that a mining partnership, unlike an ordinary partnership, is not dissolved where the interest of a party passes to another person or persons as on the death of a partner or the transfer of his interest.

The fact that in the original action the court sustained a demurrer to plaintiffs' evidence as against Henry Adamson individually and as executor of the estate of Bessie Adamson, and rendered judgment in favor of Henry Adamson, individually and as executor of the estate of Bessie Adamson, did not affect the liability of Henry Adamson Coal & Mining Company, a copartnership. Lack of partnership property sufficient to satisfy the judgment does not prevent the property of any member of the partnership from becoming liable, by operation of law, to satisfy the judgment against the partnership.

Affirmed.

HURST, C.J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.