HIBBARD v. HIBBARD.

No. 35266.   July 29, 1952.

*247 P. 2d 504.*

J. R. Huggins, Elk City, for plaintiff in error.

David H. Sanders, Tulsa, for defendant in error.

O'NEAL, J.   Plaintiff in error, James H. Hibbard, as plaintiff, instituted this action in the district court of Pontotoc county, Oklahoma, against the defendant in error, Kate L. Hibbard, as defendant, for divorce. The defendant in error filed a cross-petition for divorce and for an adjudication and settlement of property rights. The trial court denied plaintiff in error a divorce and granted the defendant in error a divorce on her cross-petition, and al-

lowed her an attorney's fee and purported to render a decision as to prior disposition of property. Plaintiff in error appeals from the judgment of the trial court. The parties will be referred to as they appeared in the trial court.

The trial court made the following findings of fact:

"The court finds, on the request for findings of fact and conclusions of law, that the plaintiff is a resident of Pontotoc County and has been a resident of Oklahoma for a year preceding the filing of this petition; and that the defendant is a resident of the State of Oklahoma. That they were married as alleged in the Petition and the Cross-Petition.

"The court finds that the Plaintiff has been guilty of gross-neglect of duty and extreme cruelty, as charged in the defendant's cross-petition.

"That the property that was obtained while the parties were married was expended by the Defendant for the benefit of the family while the plaintiff was an inmate in a State Institution."

Upon such findings, the court entered the following conclusions of law:

"The court concludes, as a matter of fact, that the plaintiff is not entitled to a divorce, but the defendant is entitled to a divorce under her cross-petition, and the Plaintiff is denied a divorce under his petition, and the Defendant is given a divorce under her cross-petition.

"The court concluded as a matter of law that the funds of property acquired under coverture was disbursed by the defendant for the benefit of the family of the Plaintiff and therefore concludes as a matter of law that she has a right to do this; and that all property of the parties heretofore acquired during coverture has been expended and that the defendant is not entitled to recover any alimony under her answer and cross-petition.

"The court further concludes as a matter of law the defendant is entitled to a judgment of $350.00 against the plaintiff for attorney's fees."

We are met at the threshold with a motion of the defendant to dismiss the plaintiff's appeal on the ground that plaintiff in error failed and neglected to file a motion for a new trial in the court below. This court has repeatedly held that an action for divorce and for division of jointly acquired property presents two causes of action maintainable separately, or combined, and likewise appealable. Allred v. Allred, 131 Okla. 55, 267 P. 842. The motion to dismiss must be sustained as it appears from the record that the plaintiff did not file a motion for a new trial in the trial court. It was necessary that a motion for a new trial be filed. We have so held in Finnell v. Finnell, 113 Okla. 269, 230 P. 912; Ramsey Oil Co. v. Dunbar et al., 171 Okla. 124, 42 P. 2d 128; House v. Mullendore et al., 166 Okla. 36, 26 P. 2d 749; City of Altus v. Tinsley, 185 Okla. 602, 95 P. 2d 635, and Shawnee Commercial College et al. v. Aydelotte, 170 Okla. 15, 38 P. 2d 579.

In Biser v. Biser, 176 Okla. 210, 55 P. 2d 446, the court, in the body of the opinion, made this statement:

"The filing of a motion for a new trial is unnecessary in appeals taken from decrees granting or refusing to grant divorces."

A casual reading of that opinion demonstrates that such statement or ruling was foreign to the exact question before the court and was not necessary in the decision of that case. No authority was cited supporting that statement. We now conclude that the quoted statement is incorrect and we expressly disapprove it. The contrary rule is specifically held in Finnell v. Finnell, supra.

Although the petition in error assigns 22 grounds as alleged errors occurring at the trial, these grounds cannot be here considered in the absence of a motion for a new trial in the trial court.

The case is dismissed for want of jurisdiction to review.

HALLEY, V. C. J., and WELCH GIBSON, DAVISON, JOHNSON, a' BINGAMAN, JJ., concur.