**Brenda Joyce MARZETTE, Appellee,**

v.

**Alfred L. MARZETTE, Appellant.**

**No. 81824.**

Court of Appeals of Oklahoma,
Division No. 3.

June 7, 1994.

Certiorari Denied Sept. 14, 1994.

---

1. Prior to the 1989 amendment.

2. The date the policy was issued.

Lawrence W. Parish, Matthew J. Hudspeth, Tolle & Parish, Okemah, for appellant.

James A. Conrady, James A. Conrady, P.C., Laurence K. Donahoe, Okmulgee, for appellee.

### *OPINION*

GARRETT, Vice Chief Judge:

A divorce trial was held on July 30, 1992. The transcript from that trial reflects the trial Court recited that a divorce had been granted on June 11, 1992, but that the matter had been continued until July 30, 1992, for the purpose of deciding property division issues. No written judgment was entered either on June 11, 1992, or on July 30, 1992.

On August 12, 1992, the trial court filed a minute order, which was *dated* June 11, 1992, reciting that: (1) the divorce was granted on grounds of incompatibility; and (2) the property division hearing was set for July 30, 1992. However, on August 9, 1992, Alfred L. Marzette (Alfred), died.

The Decree of Divorce (the decree) was filed on June 9, 1993, reciting that the trial occurred on July 30, 1992, with respect to the division of property, "the Court having heretofore entered the Decree of Divorce to the parties on June 11, 1992...." The decree provided that the matter of the property division was then taken under advisement on July 30, 1992, and that the defendant Alfred L. Marzette died on or about August 9, 1992. The decree further provided that the property division contained therein was effective as of July 30, 1992; and, that the time for appeal of the decree "shall be 30 days from the date of its filing."

Brenda Joyce Marzette (Brenda) filed a "motion to dismiss" the appeal which was deferred by the Supreme Court to the decision on the merits. In the motion, Appellee challenges the jurisdiction of the trial court to enter a decree including the property division or "a final judgment" after Alfred's death, and the jurisdiction of the appellate courts to hear an appeal from a judgment which is void or voidable.

Specifically, Brenda argues that 43 O.S. 1991 § 127 provides that if an appeal is taken from any part of a judgment in a divorce action except the granting of the divorce, the divorce shall be final and take effect from the date the decree is rendered. However, she argues that no final judgment had been made by the trial court upon which an appeal could be taken until after Alfred's death. Even the minute order, dated August 12, 1992, was filed after his death.

█ Until January 1, 1991, a judgment was final for purposes of appeal at the time of the pronouncement by the trial court. See 12 O.S.1981 § 990 (now repealed). Pursuant to 12 O.S.1991 § 990A (since amended), appeal time began to run 30 days from the date the final order or judgment is *filed.* This

Court has an obligation to examine its own jurisdiction to entertain an appeal and to raise the issue on its own motion, if appropriate.

■ We agree with Brenda that at the time the trial court entered the final judgment, on June 9, 1993, the court was without jurisdiction to do so because of the death of Appellant. See *Pellow v. Pellow,* 714 P.2d 593 (Okl.1985) (a cause of action for divorce terminates upon the death of either spouse before the entry of the final decree) and *Mabry v. Baird,* 203 Okl. 212, 219 P.2d 234 (1950), cited therein. The three indispensable elements of jurisdiction for the rendition of a valid judgment are: (1) jurisdiction of the subject matter; (2) jurisdiction of the parties; and (3) the power to render a particular judgment. See *Chamberlin v. Chamberlin,* 720 P.2d 721 (Okl.1986). A judgment lacking one of these elements is void from the face of the judgment roll and can be vacated at any time. *Id.;* 12 O.S.1991 § 1038.

Exceptions may exist in divorce cases in current law. There was an exception for divorce judgments under the statute in effect from January 1, 1991 through June 1, 1991. See 12 O.S.Supp.1990 § 1001(B). The effective statute at the times material to the case under consideration was 12 O.S.1991 § 990A. While not material to the issues being considered herein, the current statute appears to be 12 O.S.Supp.1993 § 696.2(D), which became effective on October 1, 1993.

The Supreme Court, by deferring Brenda's motion to dismiss until the decision on the merits, in effect, directs this Court to decide the issues raised in the "motion to dismiss". We decline to dismiss this appeal because it would leave in effect a void judgment.

It is unnecessary to consider the other arguments of the parties. The judgment of the trial court is VACATED, and this case is REVERSED AND REMANDED FOR SUCH FURTHER PROCEEDINGS as may be required.

HUNTER, P.J., and BAILEY, J., concur.