2003 OK CIV APP 87

**Rita Jo WHITMIRE, Plaintiff/Appellant,**

v.

**Albert WHITMIRE, Personal Representative of the Estate of Bobby Joe Whitmire, Deceased,[1] Defendant/Appellee.**

**No. 97,344.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 20, 2003.

Certiorari Denied Oct. 6, 2003.

Thomas W. Condit, Fourth Scoufos, Law Offices of Harry Scoufos, P.C., Sallisaw, OK, for Plaintiff/Appellant.

Frank Sullivan, III, Michael A. Daffin, Sallisaw, OK, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Judge:

¶ 1 Plaintiff/Appellant Rita Jo Whitmire (Wife) appeals from the decree of divorce and property division. Bobby Joe Whitmire (Husband) died after the court announced in court that the parties were divorced and drafted the property division, but before the filing of the journal entry. Defendant/Appel-

---

1. The caption of this case was amended to this form by Supreme Court order dated October 15, 2002.

lee Albert Whitmire,[2] Personal Representative of the Estate of Bobby Joe Whitmire, Deceased ("Representative"), was substituted as a party after Husband's death. Wife argues that the trial court lost jurisdiction over the matter when Husband died before the divorce decree was filed. Representative asserts that the trial court retained jurisdiction to enter the decree, with Representative substituted as a party, because the divorce was pronounced before Husband's death. Because Husband died before the entry of the final decree of divorce, the trial court was without jurisdiction to later enter the final decree divorcing the parties. We therefore vacate the decree.

¶ 2 Husband and Wife were married July 15, 1981. No children were born of the marriage.[3] Wife filed a petition for separate maintenance December 8, 1999. Husband filed his answer and counterclaim for divorce January 21, 2000. Wife filed her amended petition February 26, 2001. Wife added Whitmire Construction, Inc.[4], as a party and sought divorce from Husband.

¶ 3 Trial was held September 7, 2001. Husband and Wife were present at trial along with their attorneys. During the trial, Husband testified that he had been diagnosed with cancer about two years before and that he was no longer receiving treatment for it. At the conclusion of the trial, Husband's counsel informed the court that Husband was terminally ill and asked for a quick resolution to the case. The trial court informed the parties that it had heard enough evidence, but that it remained concerned about the value of the marital home and 99 acres of land attached to the house. The court ordered an appraisal of that property. The court and the parties' counsel discussed the issue of Husband's health and the court stated that it ordered the parties divorced that day, with the division of property reserved until receipt of the appraisal. Counsel for Husband indicated he would prepare a partial decree of divorce, reserving all other issues.

¶ 4 Counsel for Husband prepared the partial decree and sent it to counsel for Wife, who took no action. The trial court wrote a letter to the parties' counsel dated October 17, 2001, which contained the trial court's property division order.[5] Husband died October 18, 2001. The property division letter was mailed October 19, 2001, and was filed October 23, 2001.

¶ 5 Wife filed her Motion to Dismiss October 24, 2001. Wife argued that a divorce proceeding terminates on the death of either party before the entry of a final decree, and that the trial court's announcement in court that the parties were divorced did not amount to a final decree of divorce. Wife also argued there was no required proof presented at trial to support granting a divorce. Hearing on the Motion to Dismiss was held November 5, 2001. Wife restated her argument that when one of the parties dies before the entry of a final decree of divorce, the divorce action abates. Wife also asserted that since Husband had died, his counsel had no party to represent and that if the court allowed the entry of a decree, Wife would have no person against whom to make an appeal.

¶ 6 Husband's counsel responded that he was prepared to substitute the executor of Husband's estate in place of Husband. He also argued that there had indeed been evidence presented which would support the

2. Albert Whitmire is Husband's brother.

3. Husband and Wife both had children from prior marriages, all of whom were adults at the time of the divorce proceeding.

4. Whitmire Construction, Inc. (the business) was created by Husband prior to the marriage, but was owned by Husband and Wife after the marriage. Wife dismissed her claim against the business October 18, 2001.

5. The trial court gave Wife a net award of $381,154, and gave Husband a net award of $428,700. The court explained that the property

division awarded a disproportionate share to Husband because of the evidence that Wife had taken money from the business in anticipation of divorce. Wife testified that she took the money because Husband had threatened to leave her penniless. Wife was unable to obtain outside employment because she had been severely burned in an attack by Husband's ex-wife in 1990. The court explained it did not seek to punish Wife for taking the money, but merely wanted to make an equitable division.

granting of a divorce. Husband's counsel also argued that Wife's counsel was at fault for failing to agree to the partial decree of divorce before Husband's death. Counsel for Husband noted that the trial court had prepared the letter outlining the property division award the day before Husband died. He argued that the court had granted the divorce and divided the property before Husband's death, so that there was no remaining pending proceeding to abate at the time of Husband's death.

¶ 7 The trial court overruled the Motion to Dismiss. Representative was substituted as a party in an order filed November 29, 2001.[6] The decree of divorce was filed January 11, 2002. Wife now appeals. Wife argues first that the trial court lacked jurisdiction to proceed following Husband's death.[7]

■ ¶ 8 It has long been held that when one of the parties to a divorce dies during the proceedings, the trial court loses jurisdiction and the action abates. *Swick v. Swick*, 1993 OK 151, 864 P.2d 819; *Mabry v. Baird*, 1950 OK 132, 219 P.2d 234, 203 Okla. 212. The issue is whether a final judgment had been rendered before Husband's death.

¶ 9 Wife asserts that the trial court's oral pronouncement that the parties were divorced was not a final judgment because it was not filed as a written decree. Wife relies on 12 O.S.2001 § 696.2(D), which states:

The filing with the court clerk of a written judgment, decree or appealable order, prepared in conformance with Section 696.3 of this title and signed by the court, shall be a jurisdictional prerequisite to the commencement of an appeal. The following shall not constitute a judgment, decree or appealable order: A minute entry; verdict; informal statement of the proceedings and relief awarded, including but not limited to, a letter to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order.

The plain language of this subsection appears to support Wife's argument. This court has relied on this section to find that a trial court lost jurisdiction to enter a final decree of divorce after the death of one spouse. In *Marzette v. Marzette*, 1994 OK CIV APP 88, 882 P.2d 578, the court announced at trial that a divorce had been granted in an earlier hearing and that the trial was continued for hearing evidence on the property division issues. The husband died a few days later. After the husband's death, the trial court filed a minute order, which was dated with the day the divorce had been pronounced in the earlier hearing. The decree was filed nearly a year later and provided that the divorce had been entered the date it was announced in court. The wife then challenged the trial court's jurisdiction to enter the decree after the husband's death. On appeal, the court explained that until January 1, 1991, a judgment was final for purposes of appeal at the time of the pronouncement by the trial court, under 12 O.S.1981 § 990. *Id.* at 579. The court noted that 12 O.S.1991 § 990A provided that appeal time began to run from the date a judgment or appealable order is filed. *Id.* In *Marzette* the court concluded that a decree must be filed to trigger the appeal time and that, accordingly, there was no final, appealable order filed before the husband's death and the trial court lost jurisdiction to enter the decree after the death of a party. *Id.* at 580.

¶ 10 Representative argues however, that 12 O.S.2001 § 696.2(E) requires a different result. That subsection provides, in part:

A judgment, decree or appealable order, whether interlocutory or final, shall not be enforceable in whole or in part unless or until it is signed by the court and filed; except that the adjudication of any issue shall be enforceable when pronounced by the court in the following actions: divorce; . . . . The time for appeal shall not

---

6. The order refers to Representative as "Special Administrator."

7. Wife also argues that the trial court erred in granting the divorce without hearing evidence of the grounds for divorce, and without stating the grounds on which the divorce was granted. Wife lastly contends that the property division award was against the weight of the evidence. Because we find that the trial court was without jurisdiction to enter the final decree after Husband's death, we need not reach the issues relating to the granting of the decree or the provisions of the decree itself.

begin to run until a written judgment, decree or appealable order, prepared in conformance with Section 696.3 of this title, is filed with the court clerk, regardless of whether the judgment, decree, or appealable order is effective when pronounced or when it is filed.

Representative argues that this section conclusively establishes that a divorce is effective at the time it is pronounced by the court rather than when a decree is filed. Historically it has been held that a divorce is rendered at the time it is announced from the bench.

¶ 11 In *Mabry, supra,* the court conclusively established that the divorce judgment was rendered and final at the time it was announced from the bench. At the close of trial, the court "rendered judgment granting the plaintiff a divorce and dividing the property" in a minute entry, which indicated that a journal entry would follow and also indicated the matter was continued for determination of attorney fees. Almost a month later, the wife filed a motion to clarify the property division award. Before the hearing on the motion, the husband died. The wife then filed a motion seeking an order that no judgment had been rendered before the husband's death, or an order vacating any judgment entered, based on wife's assertion that the divorce proceeding abated on the husband's death. The husband's heirs then sought to intervene, which was granted. The trial court issued an order stating that the judgment was rendered on the date of trial. The trial court then set the matter for a later hearing for final settlement. At that hearing, the trial court heard evidence on the property division and attorney fees issues. The trial court found that the minute entry was a final judgment and labeled the later order clarifying the decree an order nunc pro tunc. The Supreme Court agreed that the trial court had intended to divorce the parties at the conclusion of trial and stated "(t)he fact that the judgment was not reduced to writing in a formal journal entry does not render it any less the judgment of the court." *Id.* at 239. The court also cited an earlier case in which it had declared "(a)

judgment is rendered, within the meaning of the law, at the time it is pronounced by the court and is final, valid and enforceable as between the parties from that date, without formal entry." [8]  *Id.* The court agreed with the wife that a divorce action abates on the death of a party "prior to the rendition of a final judgment," but the court reiterated that the court's announcement of the divorce in court was a final judgment and that it was therefore issued before the husband's death, so that the action did not remain to abate. *Id.* The Supreme Court found error only in the trial court's attempt to change the property division through an order nunc pro tunc. The court held that the property division effected in the original minute entry was the only property division which was part of the divorce pronouncement. *Id.* at 240–241.

¶ 12 *Chastain v. Posey,* 1983 OK 46, 665 P.2d 1179, 1181 (Husband died while motions for new trial pending) and *Pellow v. Pellow,* 1985 OK 88, 714 P.2d 593 (Husband died during appeal) held that a divorce judgment is rendered at the time it is pronounced. Those cases, however, established an important distinction which is also present in this case. That distinction involves the effectiveness of a divorce where the appeal challenges the granting of the divorce itself. Title 43 O.S.2001 § 127 provides:

Every decree of divorce shall recite the day and date when the judgment was rendered. *If an appeal be taken from a judgment granting or denying a divorce, that part of the judgment does not become final and take effect until the appeal is determined.* If an appeal be taken from any part of a judgment in a divorce except the granting of the divorce, the divorce shall be final and take effect from the date the decree of divorce is rendered, provided neither party thereto may marry another person until six (6) months after the date the decree of divorce is rendered; that part of the judgment appealed shall not become final and take effect until the appeal is determined.

(Emphasis supplied).

¶ 13 Whether the holding in *Mabry* or *Marzette* is correct, or whether *Marzette* is

**8.** Citing *Adamson v. Brady,* 1947 OK 204, 182 P.2d 748, 199 Okla. 55.

affected by the provisions of § 696.2(E), which provides that issues decided in a divorce proceeding are effective from the time they are pronounced, is not relevant to the resolution of this case because Wife has appealed from the granting of the divorce itself. In *Chastain*, trial was held in August 1980, and the court rendered judgment September 24, 1980. The parties both filed motions for new trial and the husband died while the motions were pending. The wife then sought dismissal, which was denied. On appeal, the wife urged that a judgment is not final when a motion for new trial is pending. The court responded by citing to 12 O.S.1981 § 1282 (now 43 O.S.2001 § 127, *supra*) to find that a divorce is final at the time it is rendered unless an appeal is made from the grant or denial of the divorce itself. 665 P.2d at 1181. The court found that the wife had not challenged the granting of the divorce in her motion for new trial or on appeal. *Id.* The court therefore found that under the plain language of the statute, the divorce was final and took effect the date it was rendered. *Id.* And, necessarily the court found that a final judgment of divorce had been entered before the husband's death, so that the action did not abate. *Id.* at 1182.

¶ 14 In *Pellow, supra*, the parties were granted a divorce in a minute order dated August 31, 1983 and the parties signed a handwritten property division agreement. Neither party objected to the granting of the divorce at that time. The wife filed her petition in error September 30, 1983, in which she challenged only the property division. The trial court later heard the husband's motion to settle journal entry. Wife later amended her petition in error, but still did not challenge the grant of divorce. Five months later, wife filed a second amended petition in error which raised as error the granting of a divorce. Shortly thereafter, the husband died. The wife then sought to challenge the jurisdiction of the court, asserting that the matter abated. The Oklahoma Supreme Court first stated that "(i)n Oklahoma, judgment is rendered when pronounced. The entry of the written memorial upon the court's journal is not essential to the validity of the judgment, and failure to properly file a journal entry of judgment

does not render judgment void." 714 P.2d at 595. The court noted that the trial court had made a thorough record of the fact that the divorce was consensual. *Id.* at 596. The court also noted the wife herself had cross-petitioned for divorce. *Id.* The court concluded that the objection to the granting of the divorce was not an issue presented to the trial court and that it could therefore not be raised in a second amended petition in error. *Id.* The court concluded that the decision to grant the divorce was final. *Id.* at 597. The court then addressed the effect of the husband's death on the proceedings. The court quoted the language from § 1282 (now § 127) which provides that when an appeal is made from the grant of divorce, the decision is not final and effective until the appeal is determined. The court held that because it had determined that the wife had not properly raised the issue of the granting of the divorce, that decision was final at the time it was entered in the trial court (before the death of the husband) so that the death of the husband did not serve to abate the action. *Id.* The court also explained that the death of a party after the final judgment does not abate an appeal of property issues. *Id.* at 598.

¶ 15 These cases make clear that a divorce is final at the date of rendition where there has not been an appeal from the status determination of divorce. The converse, however, must be that where an appeal from the status determination of divorce has been properly raised, the divorce decree is not final and effective until the appeal is determined, pursuant to 43 O.S.2001 § 127. We note that in this case Wife as plaintiff sought the divorce. However, Wife raised the issue of the granting of divorce in her Motion to Dismiss filed October 24, 2001, and in her Petition in Error. We find that Wife has properly raised the issue of the granting of the divorce on appeal. Accordingly, the divorce decree would not be final and take effect until the appeal is determined. And, since Husband has died and the appeal has not been determined, then the action must abate on the death of a party before the final judgment. We are cognizant that this deci-

sion may unfairly allow surviving spouses simply to raise the issue of the divorce in order to avoid the effect of divorce entered before the spouse's death, but before the time for appeal. Nevertheless, the language of § 127, as well as the holdings in *Chastain* and *Pellow,* require this result.[9]

¶ 16 Added support for this decision is found in *Wilks v. Wilks,* 1981 OK 91, 632 P.2d 759, in which the court explained the purpose of the dichotomy in § 127. It is necessary that the status determination of divorce not be final and effective until any appeal from that issue is decided in order to protect the marital status in the event it is reversed. *Id.* at 762. The status determination of divorce is therefore subject to an automatic stay pending appeal "lest it be irretrievably lost" by the marriage of one of the parties to another. This analysis also serves to reconcile the conflicting provisions of § 696.2(D) and (E). Issues in divorce proceedings may be immediately effective and enforceable, but the penultimate issue, the grant or denial of the divorce itself, is not final and effective until after any appeal of that issue has been determined. In this case, Husband died a) before a final decree of divorce was filed in the trial court, and b) before the divorce was final (because of the appeal contesting the status of divorce), and therefore the action abated. The trial court was without jurisdiction to act at the time it entered the final decree of divorce. Accord-

ingly, the divorce decree must be VACATED.

ADAMS, P.J., dissents with separate opinion; JOPLIN, C.J., concurs.

ADAMS, Presiding Judge, dissenting:

¶ 1 As I view this record, this case is materially indistinguishable from *Chastain v. Posey,* 1983 OK 46, 665 P.2d 1179. In both cases the challenge to the entitlement to a divorce was *not* raised until after the trial court had made an effective pronouncement of the divorce and dissolved the marriage. The Legislature has made it clear in 12 O.S.2001 § 696.2(E) that "the adjudication of any issue" in a divorce case is "enforceable when pronounced by the court." This provision was not effective at the time the order appealed in *Marzette v. Marzette,* 1994 OK CIV APP 88, 882 P.2d 578, was issued, and as recognized in that case, its provisions were not considered.[1] I respectfully dissent to the decision to vacate the divorce decree, and I would consider the remainder of Wife's arguments for reversal.[2]

---

9. Support for this analysis is also found in 43 O.S.2001 § 123:

It shall be unlawful for either party to an action for divorce whose former husband or wife is living to marry in this state a person other than the divorced spouse within six (6) months from date of decree of divorce granted in this state, or to cohabit with such other person in this state during said period if the marriage took place in another state; and if an appeal be commenced from said decree, it shall be unlawful for either party to such cause to marry any other person and cohabit with such person in this state until the expiration of thirty (30) days from the date on which final judgment shall be rendered pursuant to such appeal. Any person violating the provisions of this section by such marriage shall be deemed guilty of the felony of bigamy. Any person violating the provisions of this section by such

cohabitation shall be deemed guilty of the felony of adultery.

It would be illogical to start the 6 month period from the date of an oral pronouncement of divorce, that could not yet be appealed. The "date of decree" must relate to the written, filed decree from which an appeal could be taken. Otherwise, a party marrying 6 months after an oral pronouncement of divorce could be rendered a felon by the filing of an appeal after the final decree is filed.

1. In *Marzette,* the surviving party *did not* appeal the granting of the divorce or any other provisions of the trial court's order. The Court raised the validity of the divorce *sua sponte* without considering the effect of *Chastain.*

2. Inasmuch as the majority has concluded otherwise, I do not express any opinion on those issues.