OSCN Found Document:ALEXANDER v. ALEXANDER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 ALEXANDER v. ALEXANDER
2015 OK 52
Case Number: 112579
Decided: 06/30/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 52, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE MARRIAGE OF:

RHONDA L. ALEXANDER, Petitioner/Appellant,
v.
JOSEPH DEAN ALEXANDER, Respondent/Appellee.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIV. I

¶0 Petitioner/Appellant, Rhonda L. Alexander's successors, Tiffany McClung and Lacey Hart, appeal from a trial court order granting a motion to dismiss by Joseph Dean Alexander, Respondent/Appellee, in a dissolution of marriage proceeding. Rhonda L. Alexander died after a trial court granted the divorce, but before a final decree of divorce had been entered. The Court of Appeals affirmed the trial court. This Court granted certiorari.

THE DECISION OF THE COURT OF CIVIL APPEALS IS VACATED, AND THE
DECISION OF THE TRIAL COURT IS REVERSED AND REMANDED.

Scott A. Hester, HESTER SCHEM HESTER & DEASON, Edmond, Oklahoma, for Petitioner/Appellant,
Kenneth Dewbre, Ross Dewbre, DEWBRE & DEWBRE P.C., Oklahoma City, Oklahoma, for Respondent/Appellee.

WINCHESTER, J.

¶1 Both parties in this matter sought dissolution of their marriage on grounds of incompatibility. The wife informed the trial court that she was terminally ill and wanted to finalize the divorce before her death as she wished to leave her part of the estate to her daughters. The judge granted the parties the divorce, and filed a Court Minute memorializing his ruling. The judge signed and dated the Court Minute and the attorneys who represented the parties also signed. The judge included an order in the Court Minute for mediation to resolve property issues and further ordered that a journal entry be presented to the court within five days. However, the wife died before reaching a property settlement with the husband. No journal entry was filed.

¶2 The husband filed a motion to dismiss on the grounds that after the wife died, the trial court lacked jurisdiction to proceed with the dissolution of marriage action. The wife's successors filed a response objecting to dismissal of the action. The trial court granted the husband's motion to dismiss. On appeal, the Court of Civil Appeals affirmed the dismissal. This Court granted certiorari. The issue is whether a divorce, where both parties sought dissolution of their marriage, is effective at the time pronounced by the trial court even though property issues had not been settled and no journal entry had been filed. We hold that it is effective as explained in this opinion.

I. Facts

¶3 Rhonda L. Alexander and Joseph Dean Alexander ("Appellee") married on May 5, 1973. After nearly forty years of marriage, on October 23, 2012, Ms. Alexander filed a Petition for Dissolution of Marriage on the ground of incompatibility. Appellee filed his Answer to the Petition on March 28, 2013, agreeing that the two were incompatible and that they should be granted a divorce.

¶4 On July 23, 2013, before the marital property had been divided, Ms. Alexander filed a Motion for a Grant of Divorce, wherein she explained she had been diagnosed with stage-four lung cancer and had only a short time to live. Appellee objected to this motion, arguing that statutory law requires the dissolution of marriage take place at the same time as the division of marital assets--thus the court should wait to grant the divorce until the property had been divided.

¶5 In Ms. Alexander's reply, she stated that she and Appellee had accumulated millions of dollars in properties during the marriage, most of which were titled under various corporations in Appellee's name. Additionally, she alleged that Appellee had withdrawn over $200,000 from an account titled solely in her name, and that Appellee was trying to force her into a quick settlement by delaying the divorce process so that she "may have to face the possibility of passing away before she can have her day in court."

¶6 At the hearing over the Motion for a Grant of Divorce on August 20, 2013, the judge pronounced in court that the two were "divorced from the other henceforth." After granting the dissolution of marriage, the court memorialized the decision in a handwritten Court Minute, which the judge and both parties' attorneys signed, and filed it with the court clerk. The court ordered the parties to mediation within five days to resolve their property issues, and to present a journal entry to the court within ten days. Over the following weeks, neither party presented a journal entry to the court.

¶7 On October 10, 2013, Ms. Alexander passed away. Eight days later Appellee filed a motion to dismiss the action, claiming that the death of a party to a divorce proceeding abates the cause of action and deprives the trial court of jurisdiction. Ms. Alexander's successors, Tiffany McClung and Lacey Hart (collectively, "Appellants"), filed a Response. After various technical delays, the trial court granted Appellee's Motion to Dismiss and the Court of Civil Appeals affirmed. The matter now comes before this Court for review.

II. STANDARD OF REVIEW

¶8 When evaluating a motion to dismiss, this Court examines only the controlling law, taking as true all factual allegations together with all reasonable inferences that can be drawn from them. Wilson v. State ex rel. State Election Bd., 2012 OK 2, ¶ 4, 270 P.3d 155, 157. Thus the standard of review before this Court is de novo. Simonson v. Schaefer, 2013 OK 25, ¶ 3, 301 P.3d 413, 414. See also Tuffy's, Inc. v. City of Oklahoma City, 2009 OK 4, ¶ 6, 212 P.3d 1158, 1163 (stating that the party moving for dismissal bears the burden of proof). Because courts may only hear cases over which they have jurisdiction, the general rule that motions to dismiss are viewed with disfavor does not apply to cases in which the court finds it lacks jurisdiction. H & En, Inc. v. Okla. Dept. of Labor, 2006 OK CIV APP 70, ¶ 8, 136 P.3d 1070, 1071.

III. DISCUSSION

¶9 Was the divorce of the parties final at the time it was pronounced by the trial court, or must a journal entry be filed before the divorce becomes final?

A. The August 20th Decision was Enforceable Whether or Not it was an Appealable Judgment.

¶10 Generally speaking, a judgment[1] is "the final determination of the rights of the parties in an action." 12 O.S. 2011, § 681; Okla. Sup. Ct. R. 1.20(a). In order to constitute a judgment, a document memorializing such a "final determination" must at minimum contain four elements: (1) A caption setting forth the name of the court, the names and designation of the parties, the file number of the case, and the title of the instrument; (2) a statement of the disposition of the action, proceeding, or motion; (3) the signature and title of the court; and (4) any other matter approved by the court. 12 O.S. 2011, § 696.3(A). Additionally, the document must be filed with, and endorsed and dated by, the clerk of the court.

¶11 This Court held in Corbit v. Williams, 1995 OK 53, ¶ 8, 897 P.2d 1129, 1131, that some documents satisfying these requirements--specifically, documents titled as court minutes--do not constitute judgments. The document at issue in Corbit was a form titled "Court Minute," which, as in the present case, contained all the elements required by § 696.3(A). Corbit, 1995 OK 53, ¶ 7, 897 P.2d at 1131. But even though the document satisfied those statutory requirements, the Corbit court held it was not a valid judgment. The Court explained that the legislature, through 12 O.S. 2011, § 696.2(D),[2] created a bright-line rule that a minute entry can never constitute a judgment, decree, or appealable order. Corbit, 1995 OK 53, ¶ 8-9, 897 P.2d at 1131. Any document titled "Court Minute" (or some similar title), therefore, cannot be a judgment even if it satisfies the requirements of § 696.3(A). Id. at ¶ 9. The advantage of this rule is that parties to a lawsuit do not have to speculate whether a minute order entered by the trial court was a final order from which point the time for appeal began to run.

¶12 Although a judgment is generally not "enforceable in whole or in part unless or until it is signed by the court and filed," Oklahoma law carves out an exception for divorce proceedings, where the adjudication of any issue shall be "enforceable when pronounced by the court." 12 O.S. 2011, § 696.2(E). This Court has long held that "entry of the written memorial upon the court's journal is not essential to the validity of the judgment, and failure to properly file a journal entry of judgment does not render judgment void." Pellow v. Pellow, 1985 OK 88, ¶ 10, 714 P.2d 593, 595. Because the district court in this case pronounced the dissolution of marriage in court on August 20, 2013, the divorce was enforceable at that time--ending the parties' marriage immediately.

¶13 An otherwise enforceable grant of divorce can be stayed, however, if a party appeals the decision within the statutory period. 43 O.S. 2011, § 127. Appellee claims that he initiated an appeal from the trial court's decision before his wife's death, and as a result the judgment was not final before she died. It is unclear precisely what action Appellee believes constituted an appeal of the trial court's decision. An appeal from a district court may only be commenced by: (1) filing a petition in error with the Clerk of this Court within the time prescribed in Rule 1.21; and (2) remitting the cost deposit provided by statute. Okla. Sup. Ct. R. 1.23. There is no evidence before this Court that Appellee filed an appeal of any kind, either in regard to the divorce itself or to the order to divide the property. The only action Appellee took to oppose the trial court's eventual decision was his August 13, 2013, Objection to Motion for a Grant of Divorce. But the trial court granted the Motion for Divorce on August 20th over Appellee's objection, and he did not renew his objection after the court pronounced its decision. Because Appellee never filed a petition in error with this Court, he did not initiate an appeal that would stay enforcement of the trial court's decision.

¶14 We reiterate, Appellee did not oppose the dissolution of the marriage; what he opposed in essence was the bifurcation of the divorce between the dissolution of the marriage and the property settlement. The trial court and the Court of Civil Appeals relied upon Whitmire v. Whitmire, 2003 OK CIV APP 87, 78 P.3d 556, for their respective conclusions in deciding the case that is now before this Court. In Whitmire the facts are similar to those in the present matter. The husband died after the court announced the parties were divorced, but before a journal entry was filed. The wife, therefore, argued that the trial court lost jurisdiction over the matter. The Court of Civil Appeals held that because the husband died before the entry of the final decree of divorce, the trial court was without jurisdiction to later enter a final decree divorcing the parties. Whitmire, 2003 OK CIV APP 87, ¶ 1, 78 P.3d at 557. The dissent concluded that the Whitmire case was indistinguishable from Chastain v. Posey, 1983 OK 46, 665 P.2d 1179, where the challenge to the entitlement to a divorce was not raised until after the trial court had made an effective pronouncement of the divorce and dissolved the marriage. The dissent cited 12 O.S.2001, § 696.2(E)[3] that "'the adjudication of any issue' in a divorce case is 'enforceable when pronounced by the court.'" We agree and accordingly, we overrule Whitmire.

B. Oklahoma Law Allows Issues to be Bifurcated and Presented in Separate Proceedings in Dissolution of Marriage Actions.

¶15 As a procedural note, it is of no consequence that at the time of Ms. Alexander's death, the parties had not yet divided their marital property as directed by the August 20th Court Minute. It is common for district courts to grant a divorce at one point in time but then reserve jurisdiction to address other pending issues--such as division of property or determinations as to custody or child support--at a later date. See e.g., Barnett v. Barnett, 1996 OK 60, ¶ 2, 917 P.2d 473, 475; Hibbard v. Hibbard, 1952 OK 273, ¶ 4, 247 P.2d 504, 505 ("This court has repeatedly held that an action for divorce and for division of jointly acquired property presents two causes of action maintainable separately . . . ."). ¶16 The last sentence of 12 O.S.2011, § 696.2(E) provides,

"The time for appeal shall not begin to run until a written judgment, decree or appealable order, prepared in conformance with Section 696.3 of this title, is filed with the court clerk, regardless of whether the judgment, decree, or appealable order is effective when pronounced or when it is filed."

The dissolution of the marriage was effective when pronounced by the trial court, but would not have been appealable unless it had been properly filed.

¶17 The implications of this for proceedings in which a spouse dies before a journal entry is filed, is that a trial court may pronounce that the marriage is dissolved, effective immediately, but that decision is not appealable until it is filed. The decision has been made, but not memorialized. In the case at hand, the court sought to grant the divorce as soon as possible because Ms. Alexander had only a short time left to live. The fact that the parties did not divide their marital property before Ms. Alexander's death does not affect the finality of the August 20th grant of divorce.

Conclusion

¶18 The Oklahoma Pleading Code[4] states that our rules of procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action." 12 O.S. 2011, § 2001. This provision echoes our state constitutional requirement that "right and justice shall be administered without sale, denial, delay, or prejudice." Okla. Const. art 2, § 6 (emphasis added). A party should not be denied enforcement of a valid judgment simply because she passes from this life. In this case, therefore, not to enforce the trial court's decision to grant the dissolution of marriage would be an injustice. We hold that the district court erred in dismissing this case for lack of jurisdiction and remand for the trial court to divide the property and take such further actions as are consistent with the views expressed in this opinion.

THE DECISION OF THE COURT OF CIVIL APPEALS IS VACATED, AND THE
DECISION OF THE TRIAL COURT IS REVERSED AND REMANDED.

ALL JUSTICES CONCUR

FOOTNOTES

[1] The Supreme Court Rules use "judgment" and "final order" interchangeably. Okla. Sup. Ct. R. 1.20 ("The term 'judgment' is synonymous with a final order for the purpose of these rules.").

[2] The provisions of 12 O.S. 2011, § 696.2(D) state in pertinent part:

D. The following shall not constitute a judgment, decree or appealable order: A minute entry; verdict; informal statement of the proceedings and relief awarded, including, but not limited to, a letter to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order.

[3] That provision now codified at 12 O.S.2011, § 696.2(E) remains the same.

[4] Although Title 12 of the Oklahoma Statutes is designated generally as "Civil Procedure," the beginning of Chapter 39 clarifies that "[t]he provisions of Sections 1 through 2027 of this title [Title 12] may be cited as the 'Oklahoma Pleading Code.'" 12 O.S. 2011, § 2001.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2003 OK CIV APP 87, 78 P.3d 556, WHITMIRE v. WHITMIRE
Discussed at Length
 2006 OK CIV APP 70, 136 P.3d 1070, H & EN, INC. v. OKLAHOMA DEPARTMENT OF LABOR
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1952 OK 273, 247 P.2d 504, 207 Okla 44, HIBBARD v. HIBBARD
Discussed
 1995 OK 53, 897 P.2d 1129, 66 OBJ 1829, Corbit v. Williams
Discussed at Length
 1996 OK 60, 917 P.2d 473, 67 OBJ 1594, Barnett v. Barnett
Discussed
 2009 OK 4, 212 P.3d 1158, TUFFY'S, INC. v. CITY OF OKLAHOMA CITY
Discussed
 2012 OK 2, 270 P.3d 155, WILSON v. STATE ex rel. STATE ELECTION BOARD
Discussed
 2013 OK 25, 301 P.3d 413, SIMONSON v. SCHAEFER
Discussed
 1983 OK 46, 665 P.2d 1179, Chastain v. Posey
Discussed
 1985 OK 88, 714 P.2d 593, 56 OBJ 2465, Pellow v. Pellow
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 681, Definition of Judgment
Cited
 12 O.S. 696.2, Judgment, Decree or Appealable Order to be Written - Preparation of Written Documents - Filing - Mailing - Effect
Discussed at Length
 12 O.S. 696.3, Judgments, Decrees and Appealable Orders That are Filed Should Contain the Following
Cited
 12 O.S. 2001, Scope of the Oklahoma Pleading Code
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 127, Time When Judgment is Final in Divorce - Appeal
Cited