Lane, C. J.
As a general rule, it is well settled, that where an issue has not been made up by the parties to a suit, the court can not *114 proceed to judgment; Mason v. Embree, 5 Ohio, 276 ; and that where a plea, constituting a bar to the action, and requiring a replication, is left unanswered, it is error to dispose of the case, while that plea remains on record, without replication. Headly v. Ruby, 6 Ohio, 524. But it is equally well settled, that a judgment will not be reversed for mere irregularity of proceeding, or error in form, where it appears from the record that the party was not prejudiced by such irregularity.
In the action of replevin, under our statute, the jury are bound to inquire into the right of property, and right of possession, of the defendant, in the goods and chattels in controversy, and if they shall find him entitled to either, they shall assess such damages as are right and proper. Swan’s Stat. 786.
Both these questions are put in issue by the plea of non detinet, as was decided by this court on application for a writ of error, in the ease of Oaks v. Wyatt, 10 Ohio, 344. Now in the ease at bar, issue was joined upon that plea. Without deciding, whether the plea of property in the defendant would be good under our statute, it is apparent that it could afford the defendant no advantage that he had not under the other issue. The precise point was presented to the jury under the plea of non detinet; and if they had found it for the defendant, the verdict must have been in his favor. It is not easy, therefore, to discover how the defendant could have been benefited by a replication to his second plea, or prejudiced by its absence. The judgment must be affirmed.
Judgment affirmed.