Baldwin, J.
The Valley Railway Company, plaintiff in error, files a petition in error to reverse a judgment recovered against it by defendant in error, plaintiff in the common pleas, as damages for the wrongful death of Philip Koch.
Koch was not an employe of the railroad company, and was engaged in unloading coal cars upon a switch connected with their track, and the death was from a collision with a coal train. The petition stated, among other things, that the conductor in charge of the coal train represented to Koch and others that he had got through moving cars upon that switch track, thereby putting Koch off his guard ; but that immediately thereafter the conductor set the pony engine backing the cars connected therewith, in motion, and, in total disregard of the safety and life of the decedent, pushed forcibly onto and against the coal ear on which Koch was working, with such speed, force and violence as to break the bumpers at the immediate point of contact, and precipitated the decedent to the ground, causing his death. That he did this either in consequence of a misplaced switch, or carelessness, recklessness and negligence, in total disregard of the safety and life of decedent. That if the accident occurred by a misplaced switch, it was by the carelessness of the employes and agents of the defendant; if the switch was not misplaced, the yard conductor was negligent, restating in what manner, and alleges also that Koch was without fault on his part.
The defendant, the railway company, filed an answer denying what it did not admit. It admitted that a pony engine attached to cars backed along the track, striking the stationary cars which struck the car that Koch was on, causing his death. It denies any negligence on its part, and alleges negligence on the part of Koch. The case was tried to a jury, which rendered a verdict for the sum of $1,000.00, the defendant filing, during the trial, or immediately after, an amendment to its answer, alleging that, while the pony engine *203 was backing cars at the rate of six to eight miles an hour, on a signal of the conductor, the engine was stopped, the brake applied to avoid the collision, but the pin coupling the car next to the engine broke, and the accident happened solely in consequence of the accidental breaking of said pin. Judgment was rendered upon the verdict.
It was argued before us that this amendment needed a reply, or judgment should have been rendered for defendant. By the journal entries it does not appear that this amendment was filed until after the verdict. Whether that was so or not, it was very evident that the case was tried as if the amendment was in issue by a reply. The rule is very clear that after a contest on the merits, if new matter in the answer were denied, the want of a reply will be deemed waived. Woodward v. Sloan, 27 Ohio St. 592. Lovell v. Wentworth, 39 Ohio St. 614. A citation of numerous other authorities will be found in Bates’ Pleadings, 951.
If the facts alleged in the amendment to the answer could have been shown under the general denial in the answer, a reply was not necessary. Where a special defense is set up with a general denial, and the facts of the special defense are admissible under the general one, the want of a reply is not material. Ferrell v. Humphrey, 12 Ohio St. 112; Dayton Ins. Co. v. Kelley, 24 Ohio St. 345; Casey v. Campbell, 25 Ohio St. 134. Bates’ Pleadings, 950. Bliss on Code Pleading, sec. 396. Thus, that the defendant did not commit the act complained of, but another did, needs no reply. Hoffman v. Gordon, 15 Ohio St. 211. An answer denying the contract alleged in the petition and setting up another needs no reply. Simmons v. Green, 35 Ohio St. 104.
It seems to us that having denied the manner of the accident as stated by the plaintiff, the defendant had the right, under that denial, to show just how it did happen; that was a part of the res gestae, and in offering this evidence it would be offering proof as to the very facts in evidence by the plain *204 tiff. The case was treated by the defendant in its pleading as if this were an affirmative, separate and complete defense.
The most serious question in. the case was one made upon the charge of the court. The attorney of the plaintiff said: “I ask the court to say to the jury that the defense of the broken pin is an affirmative defense, and the burden of proving that such a thing occurred at all is upon the defendant, and to be proven the same as any other affirmative thing is to be proven by the burden of the testimony.”
The Court: “ T think I have substantially stated that. That is an affirmative defense made by the defendant, and the burden of proof is upon the defendant to establish that fact.”
The plaintiff, in his opening, had made a. clear case, as alleged in the petition. The court had charged the jury, placing the burden of proving the negligence of the defendant upon the plaintiff; nor did it anywhere relieve plaintiff of the burden of having that established by a preponderance of the evidence. It certainly was not incumbent on the plaintiff to furnish proof that the accident did not occur by the breaking of a pin. The plaintiff'was plainly to furnish evidence that the accident did occur by the breaking of the pin, if he wished such evidence in, and that fact, like every other, before the jury could say it happened, demanded a preponderance of the evidence. It was in effect, the ordinary case, in the language so often used by the court, where the plaintiff having made a prima facie case, the burden of offering evidence to disprove it was upon the defendant.
In the case at the bar there was no question of opening or closing the case, but only as to how this fact was to be proved by the defendant, by a preponderance of evidence or not.
The burden of proof of the case is sometimes to be distinguished from the burden of proof of some single fact. The rules which apply are well stated in 7 A.m. and Eng. Cyclo. of Law, 95, 96, and in 2d Idem, 656, 657, adopting Bailey’s *205 Rule IY : “ The burden of proof is shifted by presumptions of law, presumptions of fact of the stronger kind and evL dence. strong enough to establish a prima facie case.” Bailey’s Onus Probandi 5.
The following rule taken from that very able work, Stephens’ Law of Evidence, rule 96, appears with authorities in 2d Am. and Eng. Cyclo. of Law, page 96 : “ Burden of proof as to particular fact. The burden of proof as to any particular fact lies on that person who wishes the court to believe in its existence, unless it is provided by auy law that the burden of proving that fact shall lie on any particular person.”
The fact of the breaking of the pin was set up and attempted to be treated by the defendant as an independent exculpatory fact which was a complete defense, and it seems fairly to fall under the rule so many times stated in criminal cases, that an exculpatory fact requires evidence of the defendant, and to that extent the burden lies on him. Second Am. and Eng. Cyclo. of Law, D., 567, and a dozen cases there cited.
In 12 Ohio St., 101, the court say: “ Where a party claims to control the legal effect of facts by the alleged existence of other facts, the burden is on him to show a preponderance of evidence in favor of the existence of the latter. Facts which are neither proved nor to be presumed, are for judicial purposes regarded as not existing.”
In the case at bar the defendant endeavored to excuse the pushing of the cars against the car upon which the plaintiff was working, by an independent exculpatory fact — the breaking of the pin. We do not think the bare breaking of a pin made a defense. If it were possible that the jury so understood it from the charge, that was an error in favor of the defendant. The breaking of the pin was not only a fact, first adduced by the defendant to excuse itself, but was peculiarly within its knowledge, and may well, for that reason, also be required to be proved by it.
It is claimed that the verdict is against the evidence; that *206 all the evidence upon the subject tended to prove that the pin broke; that it was a sound pin, and ‘that therefore the company was not liable. To our minds, this tends only to prove a somewhat different set of circumstances as to the accident, but the jury may well have still believed the company negligent. If the train was running six to eight miles an hour, and undertook to stop one hundred feet from the car upon which the decedent was at work, and by the sudden application of an air or other powerful brake, broke, a sound coupling pin, it would seem to be guilty of negligence, and just as truly to have negligently, recklessly and carelessly forced its cars upon the plaintiff, as if it was done without the breaking of a pin. In both cases the force was the same; in both too strong, reckless and careless, and the consequence was the same, and even identical in the impinging of the same cars upon the same resistance and with the identical force. The breaking of the pin seems, on the whole case, to be be quite immaterial as far as the question of negligence was concerned.
Estep, Diohey, Carr & Goff for plaintiff in error.
Kerruish, Chapman & Kerruish for defendant in error.
On page 51 of the record, the defendant asked the engineer, “ whether he had reason to apprehend danger/5 This was ruled out, and the defendant excepted. This was a mere matter of opinion, concerning which the jury were to judge without the opinion of the witness. The court properly excluded it.
Exception was also taken on page 81, to allowing the plaintiff, on .cross-examination, to ask witness, who said he -was in the employ of the railroad, how much his wages were. The question was, of course, directed to his bias, and was not, we think, ground for reversal.
The judgment of the court of common pleas is affirmed.