OSCN Found Document:HUBERT v. HUBERT

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 HUBERT v. HUBERT
2023 OK CIV APP 40
Case Number: 120135
Decided: 02/02/2023
Mandate Issued: 10/26/2023
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II

Cite as: 2023 OK CIV APP 40, __ P.3d __

 

IN RE THE MARRIAGE OF:

CORA ANN HUBERT, Petitioner/Appellee,
v.
CORY DREW HUBERT, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE GREGORY J. RYAN, TRIAL JUDGE

REVERSED AND REMANDED WITH DIRECTIONS

Christopher D. Smith, Sarah D. Willey, Tommy J. Pfeil, THE SMITH FIRM, Oklahoma City, Oklahoma,
and
Glenn K. Brown, BALL¦MORSE¦LOWE, Oklahoma City, Oklahoma, for Petitioner/Appellee

William E. Liebel, James T. Gorton, LAW OFFICES OF WILLIAM E. LIEBEL, Oklahoma City, Oklahoma, for Respondent/Appellant

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Cory Drew Hubert (Father) disputes the amount of attorney fees the trial court awarded him in this divorce proceeding pursuant to four separate statutes authorizing such awards under the circumstances presented. Cora Ann Hubert (Mother) was ordered to pay him attorney fees, but the trial court reduced the fees after considering the parties' respective means and property. Father appeals this order and the trial court's denial of his motion to reconsider that ruling. The question here is whether the trial court erred as a matter of law in reducing the amount of attorney fees awarded based on the parties' respective means and property. After review, we conclude it was error to apply this additional factor in setting the award and therefore an abuse of discretion to deny Father's motion to reconsider. We reverse and remand with directions to enter an order consistent with this Opinion.

FACTS AND PROCEDURAL BACKGROUND

¶2 After a decree of dissolution was filed on March 19, 2021, Father filed an application for attorney fees and costs on March 26, 2021. Because the sole issue on appeal involves the attorney fee award, we will confine our background discussion to this issue alone. We will quote and summarize below the trial court's detailed order memorializing its decision on the fee award.

¶3 The trial court stated that it "applied a Burke [sic] analysis to the matters with regard to the circumstances of attorney fees, hours expended, and attorney fee rates as to reasonableness in nature." The court stated it took into account Husband's attorneys "Mr. Liebel and Mr. Gorton's backgrounds in reviewing their billing hours, finding that the hourly rates recorded in the matter are in fact reasonable based upon counsel's experience and standing in the community." It found "that the amounts expended, although very high, are not unreasonable in the circumstances of a long-standing and highly contested matter between the parties." It further found that "the amount of hourly fees was appropriate and reasonable, as well as the amount of time expended in the circumstances in the prosecution and defense of the various issues in the case."

¶4 The court noted Husband asserted multiple grounds for attorney fees, some discretionary and some, as argued by Husband, mandatory. The court found 43 O.S. § 110(D) states "the discretionary circumstances for the authority for the Court to consider to grant or deny attorney fees." Looking at 43 O.S. § 110(D) and case law such as Thielenhaus v. Thielenhaus, 1995 OK 5, 890 P.2d 925, the court found, "In all those matters the proposition stands for discretionary attorney fees that the Court considers (1) just and proper, (2) the totality of the circumstances, and (3) conduct of the judicial balancing of the equities." The court concluded it must grant attorney fees "only to that litigant who qualifies for the benefit through the process of that judicial balancing of the equities." The court said:

Not often argued as much as the Court believes it should be, Thielenhaus, and every case quoting Thielenhaus, since just about also make sure that the trial court is aware that it must consider the respective parties and their means and property of each, and that is an important consideration in this matter.

¶5 The court noted that Husband sought attorney fees under four different statutes. The court said, "That is a statutory based circumstance, which if the facts warrant it under application of the statute, the Court shall grant attorney fees." The court concluded, "A different distinguishing factor here is that if the Court does consider a mandatory attorney fee statute to be in place, the Court still must determine whether those fees are reasonable or what the reasonable amount must be." The court made findings as to each of the statutory grounds.

1. Title 43 O.S.2021 § 112.6

¶6 Title 43 O.S.2021 § 112.6 provides that, in proceedings involving dissolution of marriage, separate maintenance, or custody, domestic violence or stalking, victims "shall be entitled to reasonable attorney fees and costs after the filing of a petition, upon application and a showing by a preponderance of evidence that the party is currently being stalked or has been stalked or is the victim of domestic abuse." Pursuant to § 112.6, "The court shall order that the attorney fees and costs of the victimized party for the proceeding be substantially paid for by the abusing party prior to and after the entry of a final order." The court in this case found the following regarding § 112.6:

In this case the facts revealed and were found by the trial court that there was [sic], in fact, incidents of physical abuse, primarily that which was perpetrated by the Petitioner mother against the Respondent father on September 9, 2018, when she attacked him with a hammer after he confronted her about having hired and written and delivered a check to a hitman to commit a violent act against the Respondent father; that is having him murdered. Under consideration of §112.6 the Court does, in fact, find that there is a preponderance of the evidence that the Respondent father was, in fact, a victim of domestic abuse. Section 112.6 fees under the mandatory application of §112.6 are approved by this Court.

2. Title 43 O.S.2021 § 107.3(D)

¶7 Title 43 O.S.2021 § 107.3(D) provides that if the court determines in a child custody proceeding "that a party has intentionally made a false or frivolous accusation to the court of child abuse or neglect against the other party," it must undertake any or all of the following three actions: "1. Find the accusing party in contempt for perjury and refer for prosecution; 2. Consider the false allegations in determining custody; and 3. Award the obligation to pay all court costs and legal expenses encumbered by both parties arising from the allegations to the accusing party."

¶8 The court found it could proceed with any or all of the three actions. It concluded, "In this matter Petitioner mother used the child as a party of the Victim Protective Order in order to keep the child away from Respondent father for a significant period of time." The court noted that the testimony indicated Mother kept the child away from Father for 46 days. It also found that Mother falsely accused Father of throwing the child across the room and injuring him. The court stated, "Accepting the facts by the Court, and making the findings that false allegations had been made . . . §107.3(D) does come into play."

3. Title 43 O.S.2021 § 112(D)(2)

¶9 Title 43 O.S.2021 § 112(D)(2) provides if any action brought regarding the care, custody and support of minor children "which the court determines to be contrary to the best interests of the child, the prevailing party shall be entitled to recover court costs, attorney fees and any other reasonable costs and expenses incurred with the action." The trial court found :

In furtherance of the evidence of Section 112(D)(2) the Court is aware of the circumstances involved and the allegation with regard to the child's presence and the physical altercation between the parties. The Court has reviewed the transcript of the predecessor Court in an abundance of caution, and found that the predecessor judge indicated on the record that he was, in fact, shocked that Petitioner mother had kept the child from Respondent father for forty-six (46) days in question on the basis of these false allegations. That was relitigated to this Court under several circumstances as well, and the Court shares in the dissatisfaction of these circumstances and acts and omissions perpetrated by Petitioner mother.

4. Title 22 O.S. Supp. 2019 § 60.2(C)(2)

¶10 Title 22 O.S. Supp. 2019 § 60.2(C)(2) provides, "If the court makes specific findings that a petition for a protective order has been filed frivolously and no victim exists, the court may assess attorney fees and court costs against the plaintiff." As to this statutory ground for attorney fees, the court found:

Under these circumstances the Court was taken aback by the testimony provided when the police officer had indicated that the Petitioner mother had even admitted to him that she was using the VPO as an advantage in her custody battle with Respondent father. In fact, it rises to the level of almost outrage that someone would resort to those types of circumstances. There is also a discovery allegation made with regard to that, and the Court in making these overall findings indicates that although the Court does not rule that the discovery allegations of infraction were not appropriate, it is not based or formed the basis of the opinion of the Court's decision to render attorney fees in this case.

5. The attorney fee award

¶11 The court concluded attorney fees are warranted pursuant to all four statutes "by the evidence concerning the acts and omissions of Petitioner mother." The court said that it "takes all of that into account with the litany of the history of direction to trial courts given to us by the appellate courts." It said, "The Court refers to that in some fashion, but Title 43, Okla. Stat. Ann., §110(D) and (E) apply to reasonable expenses of the other party as may be just and proper under the circumstances. As indicated, that is one (1) of the three (3) overriding considerations for trial courts, is what may be just and proper under the circumstances." The court stated that it is

well established that in attorney fees cases and domestic cases under this circumstance is a discretionary ruling by the Court, and the Thielenhaus case, which all the lawyers are aware of, dealt with counsel fee allowances stated that it never depends on one's status as a prevailing party in the case, and must be granted only to the litigant who qualifies for the benefit through the process of judicial balancing of the equities, another of the three (3) prongs.

¶12 The court held that in deciding attorney fees, it must take into account "the means and property of the respective parties." It said, "What that means is that despite it being a mandatory application of fee consideration, it does not make any particular amount mandatory that the Court must determine, but rather what is just and proper under all of these circumstances." The court noted that Mother cannot under the law say that she should pay nothing simply because she does not have the resources to pay Father's attorneys.

¶13 The court did not authorize any attorney fees pursuant to the discretionary fee allowance statute. The court found, "Out of the $136,000.00 in total attorney fees and costs . . . that the mandatory fee portions of that total is $110,514.50." The amount of mandatory fees, the court concluded, "would require Petitioner mother to pay the entirety of her yearly salary for three and two-third years in order to meet that circumstance." The court found "that this is a particularly egregious case." The court stated it "believes that Petitioner mother by her acts and omissions [] placed into evidence has engendered all four (4) of those mandatory attorney fees statutes cited by the Court." The court concluded, however, "that it must make even mandatory attorney fees reasonable and appropriate under the circumstances." It said, "Although the Court feels the $110,514.50 to be exact has been earned [in] full by Petitioner mother, the Court does not believe that the law allows it to proceed to grant a 100 percent granting of that mandatory attorney fees." The court concluded Mother should pay 20% of the $110,514.50 in mandatory fees, for a total of $22,102.90.

¶14 The trial court denied Father's subsequent motion to reconsider.

STANDARD OF REVIEW

¶15 "Absent some pure error of law, the trial court's ruling on a motion to reconsider will not be disturbed unless affected by an abuse of discretion." Waldrop v. Hennessey Util. Auth., 2014 OK CIV APP 106, ¶ 7, 348 P.3d 213. We conclude there was a pure error of law. At first glance, this case seems to involve the reasonableness of the amount of fees awarded, an issue subject to an abuse of discretion standard of review. State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, ¶ 22, 598 P.2d 659 ("When a question on appeal presents the issue of reasonableness of attorney's fees awarded by the court, abuse of discretion by the trial judge is the standard of review."). On closer inspection, the issue we must resolve is one of law, involving the determination of whether the statutory command to award attorney fees must include all reasonable fees incurred, or may equitable considerations be factored in when deciding the amount of the award because this is a dissolution of marriage case. "We review a decision denying attorney fees which are mandated by statute de novo." Friend v. Friend, 2022 OK 29, ¶ 4, 506 P.3d 1092.

ANALYSIS

¶16 The trial court concluded as a matter of equity that it had to consider the parties' means and property in deciding the amount of fees to award pursuant to the fee statutes at issue. We conclude this was error.

¶17 Title 43 O.S.2021 § 110(D) provides: "Upon granting a decree of dissolution of marriage, annulment of a marriage, or legal separation, the court may require either party to pay such reasonable expenses of the other as may be just and proper under the circumstances." The trial court repeatedly cited Thielenhaus v. Thielenhaus, 1995 OK 5, 890 P.2d 925, which in part states:

The terms of 43 O.S.1991 § 110 plainly provide that either spouse may be required to pay "reasonable expenses of the other in the prosecution or defense of the action as may be just and proper considering the respective parties and the means and property of each." Counsel-fee allowances, which never depend on one's status as prevailing party in the case, must be granted only to that litigant who qualifies for the benefit through the process of a judicial balancing of the equities.

Id. ¶ 19 (emphasis added). Thus, the Thielenhaus Court based its decision on § 110, which at that time specifically provided that means and property and other equitable matters could be considered in deciding the issue of attorney fees. Here, however, all of the fees awarded were pursuant to other statutes, and none pursuant to § 110(D).

¶18 Although the trial court is correct that equitable considerations come into play in the application of § 110, the trial court conflated two separate and distinct bases for awarding attorney fees--the general attorney fees provision in dissolution of marriage cases found in § 110(D) and certain specific attorney fee provisions found in 43 O.S.2021 § 112.6 (an attorney fee award for a victim of domestic violence or stalking); 43 O.S.2021 § 107.3(D) (an attorney fee award for a false or frivolous accusation of child abuse); 43 O.S.2021 § 112(D)(2) (an attorney fee award in an action brought concerning the care, custody, and support of minor children that the court determines is contrary to the child's best interests); and 22 O.S. Supp. 2019 § 60.2(C)(2) (an attorney fee award for a frivolous protective order). The authority to award fees pursuant to each of these four statutory grounds is independent of the court's authority to award fees pursuant to § 110(D).

¶19 "'[W]here a matter is addressed by two statutes--one specific and the other general--the specific statute, which clearly includes the matter in controversy and prescribes a different rule, governs over the general statute.'" Ghoussoub v. Yammine, 2022 OK 64, ¶ 25, 518 P.3d 110 (quoting Rogers v. Quiktrip Corp., 2010 OK 3, ¶ 13, 230 P.3d 853). Father sought attorney fees under four specific statutes, and these statutes govern over the general statute addressing attorney fees in dissolution of marriage cases.

¶20 More specifically, none of the four statutes requires the trial court to consider the means and property of the respective parties in awarding attorney fees. In fact, two of the statutes mandate that the trial court award all or substantially all of the attorney fees at issue. Title 43 O.S.2021 § 112.6 provides, "The court shall order that the attorney fees and costs of the victimized party for the proceeding be substantially paid for by the abusing party prior to and after the entry of a final order." (Emphasis added.) Requiring Mother to pay 20 percent of the fees Father incurred is not requiring her to "substantially" pay the attorney fees. Title 43 O.S.2021 § 107.3(D)(3) mandates that the trial court "[a]ward the obligation to pay all court costs and legal expenses encumbered by both parties arising from the allegations to the accusing party." (Emphasis added.) The remaining two provisions do not require the court to take equitable considerations into account, nor do they impose limitations on the amount that must be awarded. Title 12 O.S.2021 § 112(D)(2) provides Father is "entitled to recover court costs, attorney fees and any other reasonable costs and expenses incurred with the action." Title 22 O.S. Supp. 2019 § 60.2(C)(2) allows the court to "assess attorney fees and court costs against the plaintiff."

¶21 Three of the statutes make clear that the trial court is required to award attorney fees if certain conditions are met. Title 43 O.S.2021 § 112.6 provides: "a victim of domestic violence or stalking shall be entitled to reasonable attorney fees and costs after the filing of a petition, upon application and a showing by a preponderance of evidence that the party is currently being stalked or has been stalked or is the victim of domestic abuse." Title 43 O.S.2021 § 107.3(D)(3) states that "the court shall proceed with any or all of the following . . . 3. Award the obligation to pay all court costs and legal expenses encumbered by both parties arising from the allegations to the accusing party." Title 43 O.S.2021 § 112(D)(2) states that "the prevailing party shall be entitled to recover court costs, attorney fees and any other reasonable costs and expenses incurred with the action." Although the term "'[s]hall' can be used permissively . . . generally, when the Legislature uses the term 'shall', it signifies a mandatory directive or command." In re Harris, 2002 OK 35, n.31, 49 P.3d 710.

¶22 In Roodzant v. Roodzant, 2020 OK CIV APP 50, ¶ 13, 476 P.3d 938, this Court concluded that a trial court's finding that a domestic violence incident occurred during the marriage "triggers a court, if requested, to award attorney fees and costs pursuant to 43 O.S.2011 § 112.6, because such an award pursuant to this statutory provision is mandatory." Although not at issue here, 43 O.S.2021 § 111.1(C)(3) provides that when the issue of noncompliance with visitation or child support arises, "[u]nless good cause is shown for the noncompliance, the prevailing party shall be entitled to recover court costs and attorney fees expended in enforcing the order and any other reasonable costs and expenses incurred in connection with the denied child support or denied visitation as authorized by the court." In Friend v. Friend, 2022 OK 29, ¶ 8, 506 P.3d 1092, the Supreme Court held, "Under 43 O.S. § 111.1(C)(3), the trial court did not have discretion whether to award Mother attorney fees below."

¶23 We conclude that the three statutes employing the word "shall" require the trial court to award Father his attorney fees when the court found the conditions specified by those statutes were met. The trial court mistakenly felt constrained by law to "equitably" allocate Father's attorney fees according to "the means and property of the respective parties," but no provision in these statutory mandates requires, or even allows, adjustment for "the totality of the circumstances" or to "judicially balance the equities" by considering a party's economic standing or ability to pay. The court applied § 110 considerations to statutory attorney fee provisions not subject to those considerations for reasons of legislative policy designed to deter the behavior outlined in these statutes. The trial court is without authority under those statutes to diminish the amount of the fee award based on a party's wherewithal to satisfy the award. We conclude it was error as a matter of law to apply additional considerations not expressed in or contemplated by those statutes.

¶24 As to § 107.3, another division of this Court noted, "By enacting § 107.3(D) in 1997, the Legislature authorized trial courts to penalize, by three mandated options, a party's intentionally-made frivolous or false allegations of child abuse against the other party. The obvious purpose is to discourage such allegations in child custody proceedings." In re Marriage of Slate and Chadwick, 2010 OK CIV APP 38, ¶ 13, 232 P.3d 916. We find this reasoning equally applicable to the other three statutes at issue. Section 112.6 aims to deter domestic violence and stalking, § 112(D)(2) aims to discourage bringing actions contrary to the best interests of the child, and 22 O.S. Supp. 2019 § 60.2(C)(2) aims to obviate the filing of frivolous protective order actions.

¶25 Finally, we must note that although 22 O.S. Supp. 2019 § 60.2(C)(2) does not use the term "shall" but states that "the court may assess attorney fees and court costs against the plaintiff," the trial court found Mother admitted she filed the protective order action to gain an advantage in the parties' custody battle. In Murlin v. Pearman, 2016 OK 47, ¶¶ 25-26, 371 P.3d 1094, the Supreme Court held that a trial court abused its discretion in refusing to award attorney fees where a petition for a protective order was filed for the purpose of harming a father in custody litigation. The Court stated, "Because the obvious purpose of the attorney fee and costs provisions in 22 O.S.2011 § 60.2 is to preclude the filing of frivolous and victimless applications, the trial court also abused its discretion in neglecting to award costs and attorney fees under the facts of this cause." Id. ¶ 25.

¶26 Because the trial court here concluded that Mother filed the petition for protective order to gain an advantage over Father in their custody battle, we agree with the trial court that attorney fees were proper pursuant to 22 O.S. Supp. 2019 § 60.2(C)(2).

¶27 The court noted the enmity of Mother toward Father and her many hostile actions, up to and including hiring a hitman to kill Father. The trial court correctly concluded that Mother's conduct entitled Father to recover his attorney fees pursuant to the four specific statutes governing Mother's conduct revealed at trial. However, the court then concluded that it is "obliged by law to follow the mandatory attorney fees statute, but the Court looks to the direction of Thielenhaus, and it's [sic] legacy, realizing that the Court has to make the attorney fees appropriate to [Mother]." This was clear error. Although it was also a divorce case, Thielenhaus involved only property division and did not implicate or involve any other statutory basis for awarding attorney fees except 43 O.S. § 110 which Thielenhaus interprets as allowing "just and proper" counsel fees granted "only to that litigant who qualifies for the benefit through the process of a judicial balancing of the equities." Thielenhaus, 1995 OK 5, ¶ 19. Having declined to award discretionary fees under § 110, the trial court here then used Mother's financial condition to determine whether mandatory fees were "appropriate to Petitioner mother." This confusion over the applicability of Thielenhaus and § 110 to the mandatory statutory provisions under review led to reversible error.

¶28 The court stated in its order that it "does not believe that the law allows it to proceed to grant [] 100 percent [] of that mandatory [$110,514.50] attorney fees." The trial court clearly tried to exercise discretion in considering Mother's income and property in reaching its decision, but the applicable statutes were not designed for "economic balancing" but to discourage the exact behavior in which Mother engaged and to compensate Father for the attorney fees and costs he necessarily incurred as a result of such behavior. Even if § 110 were applicable to these statutory fees, it would be hard to conclude that, given the egregious behavior causing these fees, it is just, reasonable and equitable to allocate any portion to Father.

¶29 It was error as a matter of law to require Father to pay any part of the reasonable attorney fees to which he was entitled by law. As to all four statutory grounds for attorney fees, the trial court must award the fees incurred by Father, without consideration of or reduction for Mother's means or property or any other "judicial balancing of the equities."

¶30 As a final matter, the trial court determined that the Burk factors "had been completely satisfied" and that Mother's counsel did not dispute the fees on that basis. The court found the requested fees of $110,514.50 for these statutory violations were reasonable as to both time expended and hourly rate, but the court then considered how to make the fee amount "reasonable" as to Mother and reduced those fees by 80 percent to $22,102.90.

¶31 The reasonableness test under the statutory provisions in question applies to whether the amount charged by counsel and requested by the applicant (Father) is reasonable as determined by the factors outlined in State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, ¶ 11, 598 P.2d 659, that is, the amount to which the applicant's attorney is reasonably entitled. It is not determined by whether the amount is "reasonable" from the standpoint of the paying party. We know of no authority under these circumstances to allow denying attorney fees because the objecting party's ability to pay may be less than that of the party entitled to those fees.

CONCLUSION

¶32 As a matter of law, it was error in setting attorney fees pursuant to 43 O.S. §§ 112.6, 107.3(D), and 112(D)(2), and 22 O.S. § 60.2(C)(2) to "judicially balance the equities" by considering the financial condition of the parties. Based on this conclusion, it was an abuse of discretion not to grant Father's motion to reconsider. We reverse the orders under review, and as to the October 6, 2021 order, we reverse the amount of attorney fees awarded and the bases for the amount and remand the case to the trial court with directions to award Father attorney fees in the amount the court found in its order to be reasonable and necessary pursuant to these statutes consistent with this Opinion without regard to Mother's or Father's financial means or other "equitable judicial balancing" considerations.

¶33 REVERSED AND REMANDED WITH DIRECTIONS. 

BARNES, V.C.J., and HIXON, J., concur.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2010 OK CIV APP 38, 232 P.3d 916, 
SLATE v. CHADWICK
Discussed

 
2014 OK CIV APP 106, 348 P.3d 213, 
WALDROP v. THE HENNESSEY UTILITIES AUTHORITY
Discussed

 
2020 OK CIV APP 50, 476 P.3d 938, 
ROODZANT v. ROODZANT
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2002 OK 35, 49 P.3d 710, 
IN RE HARRIS
Discussed

 
1995 OK 5, 890 P.2d 925, 66 OBJ 338, 
Thielenhaus v. Thielenhaus
Discussed at Length

 
2010 OK 3, 230 P.3d 853, 
ROGERS v. QUIKTRIP CORP.
Discussed

 
2016 OK 47, 371 P.3d 1094, 
MURLIN v. PEARMAN
Discussed

 
1979 OK 115, 598 P.2d 659, 
STATE EX REL. BURK v. CITY OF OKLAHOMA CITY
Discussed at Length

 
2022 OK 29, 506 P.3d 1092, 
FRIEND v. FRIEND
Discussed at Length

 
2022 OK 64, 518 P.3d 110, 
GHOUSSOUB v. YAMMINE
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 112, 
Repealed
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 60.2, 
Protective Order - Petition - Form - Filing Fee - Preparation - Protection of Animal
Discussed at Length

Title 43. Marriage

 
Cite
Name
Level

 
43 O.S. 110, 
Orders Concerning Property, Children, Support and Expenses
Discussed at Length

 
43 O.S. 112.6, 
Order Requiring Abuser to Pay Attorney Fees and Costs of Party Who is Domestic Violence or Stalking Victim
Discussed at Length

 
43 O.S. 107.3, 
Proceeding for Disposition of Children
Discussed at Length

 
43 O.S. 111.1, 
Order to Provide Minimum Visitation for Noncustodial Parent - Violation of Order
Discussed

 
43 O.S. 112, 
Care, Custody, and Support of Minor Children
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA